J-S77035-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
BEAU ROBERT SWINGLE, :
:
Appellant : No. 1686 EDA 2014

Appeal from the PCRA Order Entered May 13, 2014,
in the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000094-2011

BEFORE:  STABILE, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 05, 2015**

Beau Robert Swingle (Appellant) appeals from the May 13, 2014 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In April 2011, Appellant was charged with possession with the intent to deliver a controlled substance (PWID), possession of a controlled substance, and possession of drug paraphernalia.  On July 18, 2011, Appellant pled guilty to PWID; the remaining charges were *nolle prossed*.  It is undisputed that both the written and oral guilty plea colloquy incorrectly informed Appellant that the maximum sentence he could receive was five years of incarceration and a $15,000 fine.

Following the entry of Appellant's guilty plea, the lower court issued an order for a pre-sentence investigation report (PSI), and sentencing was

---

* Retired Senior Judge assigned to the Superior Court.

scheduled for September 1, 2011. Prior to the sentencing hearing, the mistaken maximum sentence was discovered and noted on the front page of the PSI. The correct maximum sentence was fifteen years in prison and a $250,000 fine. Ultimately, Appellant was sentenced on September 1, 2011 to 16 to 60 months' incarceration and a $500 fine. Appellant did not file a post-sentence motion or a direct appeal.

On November 14, 2013, Appellant filed *pro se* a "*Nunc Pro-Tunc* Petition for Reconsideration of Sentence," which the lower court treated as a PCRA petition.[1] PCRA counsel was appointed, and an amended petition was filed on February 18, 2014. A hearing was held on March 25, 2014, and on May 13, 2014, the PCRA court dismissed Appellant's petition as untimely filed. Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925, and Appellant complied.

Appellant presents the following issues for our consideration:

I. Whether the trial court erred in determining that … [Appellant's] PCRA [petition] was not timely filed, and that it did not fall within any of the statutory exceptions to the one-year time limit?

II. Whether the trial court erred in determining that … [Appellant] did not prove that the facts upon which his

---

[1] "It is . . . well-settled that 'the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.'" **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) (quoting **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002)).

claims are predicated were unknown to him and could not have been ascertained by the exercise of due diligence?

III. Whether the trial court erred when it failed to make a determination that … [Appellant's] constitutional rights were violated?

IV. Whether the trial court erred when it failed to make a determination that trial counsel did not render []effective assistance of counsel?

V. Whether the trial court erred when it failed to make a determination that the guilty plea was induced by ineffective assistance of counsel?

VI. Whether the trial court erred when it failed to make a determination that … [Appellant's] amended PCRA [petition] had merit?

Appellant's Brief at 5-6 (unnecessary capitalization and suggested answers omitted).

> This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). "In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Id.***

***Commonwealth v. Brandon***, 51 A.3d 231, 233 (Pa. Super. 2012).

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3).

"The PCRA's time restrictions are jurisdictional in nature." *Chester*, 895 A.2d at 522. Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003).

Instantly, Appellant was sentenced on September 1, 2011. Because he did not file a post-sentence motion or direct appeal, his judgment of sentence became final on October 3, 2011. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Thus, Appellant had until October 3, 2012, to file timely a PCRA petition. He did not do so. Accordingly, Appellant had to plead and prove how his petition met one of the following exceptions to the timeliness requirement:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Where the petition is untimely filed, the petitioner bears the burden of pleading and proving in the petition that one of the exceptions to the one-

year deadline for filing a PCRA petition applies. ***Commonwealth v. Bretz***, 830 A.2d 1273, 1275-76 (Pa. Super. 2003). When pleading one of the foregoing exceptions, a litigant is subject to a 60-day deadline for invoking an exception which commences from the date on which the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant alleges that his petition is timely filed pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). To satisfy that section, a petitioner must allege and prove that the factual basis of his claim was previously unknown to him and that he could not have discovered the facts earlier through the exercise of due diligence. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii); ***Commonwealth v. Huddleston***, 55 A.3d 1217, 1220 (Pa. Super. 2012). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010). As such, a petitioner must provide reasons for why, through the exercise of due diligence, he did not discover the facts earlier. ***Id***. "This rule is strictly enforced." ***Id***.

Upon review, we conclude that Appellant has failed to meet his burden. Appellant alleges that he is entitled to PCRA relief on the basis that he was misinformed as to the applicable maximum sentence at the time he entered his guilty plea. The PCRA court found that, prior to sentencing, trial counsel reviewed Appellant's PSI with Appellant. Trial Court Opinion, 5/14/2014, at 4. The PCRA court also found that the corrected maximum

sentence was clearly noted on the front page of the PSI. *Id.* Additionally, the PCRA court found that the only correction Appellant made to his PSI pertained to the time at which he withdrew from high school. *Id.*

The PCRA court's findings above are supported by the record. Although trial counsel testified at the PCRA hearing that he could not definitively recall having discussed the corrected maximum sentence in particular with Appellant, he did testify that he reviewed the PSI with Appellant prior to sentencing. N.T., 3/25/2014, at 6-13. Trial counsel similarly indicated at the sentencing hearing that he and Appellant had reviewed the PSI and that the only correction to be made was that Appellant believed he withdrew from school in 10th grade rather than 9th grade.[2] N.T., 9/1/2011, at 2-3. Moreover, the front page of the PSI provides the following information with regard to the applicable maximum sentence:

> Maximum Penalty(s):
> - 15 years/$250,000 fine
>
> Investigator's Note: [Appellant's] signed guilty plea colloquy indicated the maximum penalty as 5 years/$15,000 fine, which is incorrect. ADA Bompadre and [trial counsel] were contacted, and they agreed the maximum penalty in the signed colloquy was incorrect.

---

[2] Appellant testified at the PCRA hearing that trial counsel briefly reviewed the PSI with him prior to sentencing, though trial counsel did not hand the PSI to Appellant to allow Appellant to go through it at his own leisure, Appellant could not see the front page clearly, and the paragraph regarding the maximum penalty was never brought to Appellant's attention. N.T., 3/25/2014, at 17.

PSI, 9/1/2011, at 1. Thus, Appellant has failed to prove that he was previously unaware of the mistake and that he could not have discovered the mistake through the exercise of due diligence.

Appellant also alleges that he was entitled to PCRA relief on the basis that there were inaccuracies in the criminal history portion of the PSI that were considered during sentencing. Appellant, however, has made no attempt to demonstrate that these alleged inaccuracies were previously unknown to him and that they could not have been ascertained through the exercise of due diligence. In fact, Appellant testified at the PCRA hearing that he first became aware that the PSI contained inaccuracies with regard to his criminal history during the course of the PSI investigation. N.T., 3/25/2014, at 19. Moreover, Appellant concedes that he notified trial counsel of the alleged inaccuracies. *Id.*; Amended PCRA Petition, 2/18/2014, at ¶13(b)(3); Appellant's Brief at 32. Thus, it is apparent that Appellant knew of the alleged mistakes in his criminal history well before the instant petition was filed.

Finally, to the extent that Appellant alleges that PCRA counsel's discovery of trial counsel's ineffectiveness for failing to advise Appellant of the proper maximum sentence or address alleged inaccuracies in the PSI constitutes the factual basis for his claim, such a position is unavailing. "Our Supreme Court has made clear that the section 9545(b)(1)(ii) exception will not apply to alleged ineffective assistance of counsel claims, even if the

claims were not knowable until advised of their existence by present counsel." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1287 (Pa. Super. 2008).

In light of the above, we conclude that Appellant has failed to meet his burden to prove that his petition should be treated as timely filed pursuant to section 9545(b)(1)(ii). Accordingly, the PCRA court did not err in dismissing Appellant's petition as untimely filed. Therefore, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015